### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **HUMBLE EQUIPMENT CO., INC.** | \* | **CIVIL ACTION NO. 3:17-CV-01575** |
| | \* | |
| **VERSUS** | \* | **DISTRICT JUDGE JAMES** |
| | \* | |
| | \* | **MAGISTRATE JUDGE HAYES** |
| **TEAM EAGLE LTD. ET AL** | \* | |
| | \* | |

### MEMORANDUM IN SUPPORT OF TEAM EAGLE LTD. AND STEVE MCKEOWN'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

   /s/ James A. Brown
James A. Brown, T.A. (Bar #14101)
A'Dair R. Flynt (Bar #37120)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Tel:  (504) 581-7979
Fax:  (504) 556-4108
jabrown@Liskow.com
aflynt@Liskow.com

***Attorneys for Team Eagle Ltd. and Steve McKeown***

## <u>TABLE OF CONTENTS</u>

I.    Introduction…………………………………………………………….…….……..2

II.   Background………………………………………………………………….…….…………..3

III.  The Supreme Court's *Forum Non Conveniens* Doctrine Requires Dismissal in Deference to
      the Canadian Forum…………………………………………..……………………...…9

      A.  Canada is an Adequate and Available Alternative Forum…………………….…..10

      B.  The Private Interests Favor Dismissal………………………...……………..13

          1. Private Factors Favor Dismissal of this Action. ……………………………13

          2. The Convenience Factors Outweigh the Plaintiff's Choice of Forum………15

      C.  Public Interest Factors Also Favor Dismissal………………………………..16

IV.   This Suit Should Be Dismissed as an Anticipatory Declaratory Judgment Action………..17

V.    Prayer for Relief……………………………………………………………...……18

# TABLE OF AUTHORITIES

## Cases

*Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.*, 918 F.2d 1446 (9th Cir.1990))………...16

*Den Norske Bank ASA*, 997 F. Supp. 799 (S.D. Tex. 1998)……………..………………………11

*Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir.1999) ………………………16, 17

*DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785 (5th Cir. 2007)……………...…11, 13, 16, 17

*Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368 (5th Cir. 1992) ……………………………………………………………………………………………11, 13

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506 (1947)…………………………………………10, 13, 14

*In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987)…………...11, 16, 17

*Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985).... 15, 16, 17, 18

*Pertuit v. Youthspan, Inc.*, No. CIV.A. 02-1188, 2003 WL 356021 (E.D. La. Feb. 13, 2003)…….18

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)……………………………………………...*passim*

*Lana Int'l Ltd. v. Boeing Co.*, No. 93 CIV. 7169 (LLS), 1995 WL 144152, (S.D.N.Y. Mar. 30, 1995)……………………………………………………………………………………..…….12

*Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692 (5th Cir. 2015)…………………………….……2

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)……………..………………………........10

*Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206 (5th Cir. 2010)………..……....……….…………16

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)……………...…….9, 10

*Tjontveit v. Den Norske Bank ASA*, 997 F. Supp. 799 (S.D. Tex. 1998)………..…...……..……11

*Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003)…………..………………2

**Treaties**

Hague Service Convention, 20 U.S.T. 361 (1965), T.I.A.S. No. 6638.........................................11

## Canadian Authorities

**Cases**

*Business Development Bank of Canada v. Experian Canada Inc*. 2017 CarswellOnt 4242 (Ont.

Sup. Crt.)……………………………………………………………………………………12

*Canadian Market Place Ltd. v. Fallowfield*, 1976 CarswellOnt 784 (Ont. Sup. Crt.)……….…12

*Inukshuck Wireless Partnership v. 4253311 Canada Inc.* 2013 CarswellOnt 12450 (Ont.

Commercial List)……………………………………………………………………....…12

**Statutes**

Section 97, Courts of Justice Act, R.S.O. 1990, c. C.43 (Can.)…………...……………………12

Ontario Limitations Act, S.O. 2002 c. 24 (Can.)…………………………….…………….…….12

Rule 17.02, Ontario Rules of Civil Procedure, R.R.O. 1990, Reg. 194 (Can.)……………………12

Rule 27.01(1), Ontario Rules of Civil Procedure, R.R.O. 1990, Reg. 194 (Can.)…………..……12

Rule 53.04, Ontario Rules of Civil Procedure, R.R.O. 1990, Reg. 194 (Can.)…..……..…...……12

NOW INTO COURT, through undersigned counsel, come Team Eagle Ltd. and Steve McKeown ("Defendants") to respectfully move this Court to dismiss plaintiff Humble Equipment Co., Inc.'s ("Humble Equipment's") declaratory judgment and damages action without prejudice on *forum non conveniens* grounds, because Canada is an available and adequate forum, and the private and public interests weigh in favor of dismissal.[1]

## I.    INTRODUCTION

This case arises from an agreement to purchase the assets of plaintiff Humble Equipment Co., Inc. ("Humble Equipment").   The agreement was made between Steve McKeown ("McKeown"), the President of Team Eagle Ltd. and Victor Mah ("Mah"), who held himself out to be the Selling Agent and CEO of Humble Equipment.[2]  Principles of *forum non conveniens* dictate that this Court should dismiss this action, because dismissal will serve the convenience of the parties and witnesses and promote the interest of justice.  Canada is an available forum and is the most convenient forum for adjudication of the merits of this case.  McKeown and Mah are both Canadian residents, the relevant negotiations giving rise to the agreement took place in Canada, the relevant witnesses to such negotiations and agreement reside in Canada, and the damages resulting from Humble Equipment's breach of the agreement and misrepresentations were suffered in Canada.[3]  Team Eagle should not be forced to litigate a dispute in Louisiana, concerning an agreement it made with Humble Equipment in Canada, when the only connection this action has

---

[1]    Dismissal on grounds of  *forum non conveniens* is properly sought through a motion to dismiss. *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015); *see also id.* ("Federal courts apply the federal version of [forum non conveniens doctrine] in resolving a motion to dismiss where the alternative forum is a foreign tribunal.") (citing *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003) (alterations in original)).

[2]    Exh. 1, Declaration of Steve McKeown, ¶¶ 2, 7.

[3]    Exh. 1, Declaration of Steve McKeown, ¶¶ 7, 10-12.

to Louisiana is the domicile of the plaintiff and the location of the object of the contract, Humble Equipment's assets.

Further, this suit should be dismissed as an anticipatory declaratory judgment action, filed for the purpose of forum shopping.  Humble Equipment filed this suit solely in anticipation of the suit it knew Team Eagle would file against it, and in an attempt to obtain a home forum advantage.[4] Team Eagle sued Humble Equipment on December 12, 2017 in the Superior Court of Justice of Ontario, Canada for specific performance of the agreement, damages for breach of contract, and, alternatively, damages for fraudulent misrepresentation.[5]  This is the same agreement Humble Equipment has asked this Court to find unenforceable through its instant action for declaratory judgment.[6]

## II.   BACKGROUND

Team Eagle Ltd. ("Team Eagle") is an Ontario corporation with its principal place of business in Ontario, Canada.[7]  Team Eagle supplies airfield service equipment and airfield cleaning, repair, and maintenance services all over the world.[8]  Humble Equipment operates in the same industry as Team Eagle.[9] For many years, Humble Equipment has provided high-production pavement texturing services to the transportation industry in several countries, including Canada.[10]

---

[4]   *See* Exh. 2, November 2, 2017 Letter from Arie Gaertner on behalf of Team Eagle to Humble Equipment.

[5]   Exh. 3, Team Eagle's lawsuit for specific performance and damages filed on December 12, 2017 in the Superior Court of Justice, Province of Ontario, Canada and captioned *Team Eagle Ltd. v. Humble Equipment Co., Inc*., CV-17 588250.

[6]   *See* R. Doc. 1-1.

[7]   Exh. 1, Declaration of Steve McKeown, ¶ 5.

[8]   Exh. 1, Declaration of Steve McKeown, ¶ 5.

[9]   Exh. 1, Declaration of Steve McKeown, ¶ 6.

[10]   Exh. 1, Declaration of Steve McKeown, ¶ 6.

-3-

Humble Equipment is a Louisiana corporation, with its principal place of business in Ruston, Louisiana.[11]  Humble Equipment operates under the trade name "Skidabrader."[12]

Team Eagle had approached Humble Equipment on several prior occasions about purchasing Humble Equipment's business and assets.[13]  In December 2016, Team Eagle once again approached Humble Equipment to purchase its assets.[14]  This December 2016 exchange led to an eventual agreement between the parties.[15]  Over the following months, Team Eagle and Humble Equipment engaged in significant negotiations in Canada.[16]  Team Eagle's President, Steve McKeown ("McKeown"), represented Team Eagle throughout its negotiations with Humble Equipment.[17]  McKeown is a citizen and resident of Canada.[18]  Mah, also a Canadian resident, represented Humble Equipment in the negotiations.[19]  Mah held himself out to be the Selling Agent and CEO of Humble Equipment.[20]  Mah and McKeown negotiated in Canada.[21]  McKeown did not travel to Louisiana in connection with these negotiations, or otherwise, from December 2016 through the present.[22]

---

[11]     R. Doc. 1-1, at 2.

[12]     R. Doc. 1-1, at 2; *see also* Exh. 1 Declaration of Steve McKeown, ¶ 6.

[13]     Exh. 1, Declaration of Steve McKeown, ¶ 7.

[14]     Exh. 1, Declaration of Steve McKeown, ¶ 7.

[15]     Exh. 1, Declaration of Steve McKeown, ¶ 7.

[16]     Exh. 1, Declaration of Steve McKeown, ¶¶ 7, 22.

[17]     Exh. 1, Declaration of Steve McKeown, ¶ 7.

[18]     Exh. 1, Declaration of Steve McKeown, ¶ 2.

[19]     Exh. 1, Declaration of Steve McKeown, ¶ 7.

[20]     Exh. 1, Declaration of Steve McKeown, ¶ 7.

[21]     Exh. 1, Declaration of Steve McKeown, ¶ 7.

[22]     Exh. 1, Declaration of Steve McKeown, ¶¶7, 22.

At the beginning of Team Eagle's negotiations with Humble Equipment, Humble Equipment had advised McKeown that it was also negotiating with at least two other potential purchasers: Blastrac Global, Inc. ("Blastrac"), a Delaware company with its corporate headquarters in Evergreen, Colorado, as well as a Chinese company.[23]  In May 2017, Humble Equipment, through Mah, and Team Eagle, through McKeown, agreed to the purchase and sale of Humble Equipment's assets for $11,000,000.[24]  In a writing on May 4, 2017, Mah advised McKeown that "we will accept your offer to purchase Humble equipment based on the following amendments on your latest offer…."[25]  Thereafter, McKeown informed Mah that Team Eagle accepted Humble Equipment's amendments.[26]  At that time, all material terms of the deal had been agreed to by Team Eagle and Humble Equipment.[27]  The Team Eagle employees that participated in and witnessed the negotiations that led to the Agreement reside in Canada.[28]

At the time of Team Eagle's acceptance of Humble Equipment's amended terms, Mah, on behalf of Humble Equipment, confirmed to McKeown that Humble Equipment had ceased negotiations with the competing companies, Blastrac and the Chinese company.[29]  Further, Mah represented to McKeown that Humble Equipment was very pleased that the parties had reached an agreement and was looking forward to structuring a written formal agreement of purchase and sale of Humble Equipment's assets.[30]

---

[23]     Exh. 1, Declaration of Steve McKeown, ¶ 8.

[24]     Exh. 1, Declaration of Steve McKeown, ¶ 8.

[25]     Exh. 1, Declaration of Steve McKeown, ¶ 8.

[26]     Exh. 1, Declaration of Steve McKeown, ¶ 8.

[27]     Exh. 1, Declaration of Steve McKeown, ¶ 8.

[28]     Exh. 1, Declaration of Steve McKeown, ¶¶ 8, 17.

[29]     Exh. 1, Declaration of Steve McKeown, ¶ 9.

[30]     Exh. 1, Declaration of Steve McKeown, ¶ 9.

Thereafter, Team Eagle, in reliance on its agreement with Humble Equipment, expended significant time, manpower, resources, and funds in Canada to secure the necessary financing for the agreed upon purchase price of $11,000,000 and to otherwise perform under the agreement.[31] Team Eagle met with Canadian financial institutions, in Canada, and McKeown advised Mah of that work and effort.[32]  Team Eagle had its own properties appraised to obtain adequate capital to fund the agreed upon purchase of Humble Equipment's assets.[33]  The individuals associated with the appraisal of Team Eagle properties all reside in Canada.[34]  Team Eagle also began operations to appraise, maintain, and manage the Humble Equipment assets.[35]  All individuals involved in those operations reside in Canada.[36] At no point during this work and effort did Mah indicate there was no agreement of purchase and sale of Humble Equipment's assets.[37]

In addition, Team Eagle worked with third parties to deploy and use Humble Equipment's assets; McKeown also informed Mah of this work and effort.[38]  Team Eagle worked with the Business Development Bank of Canada to develop a business plan to integrate Humble Equipment's assets into Team Eagle's international business operations.[39]  All employees of the Business Development Bank of Canada that worked on the Team Eagle/Humble Equipment integration and business plan reside in Canada.[40]  Concurrent with these negotiations, Team Eagle,

---

[31]     Exh. 1, Declaration of Steve McKeown, ¶ 10.

[32]     Exh. 1, Declaration of Steve McKeown, ¶ 10.

[33]     Exh. 1, Declaration of Steve McKeown, ¶ 10.

[34]     Exh. 1, Declaration of Steve McKeown, ¶¶ 10, 18.

[35]     Exh. 1, Declaration of Steve McKeown, ¶ 10.

[36]     Exh. 1, Declaration of Steve McKeown, ¶¶ 10, 20.

[37]     Exh. 1, Declaration of Steve McKeown, ¶ 10.

[38]     Exh. 1, Declaration of Steve McKeown, ¶ 11.

[39]     Exh. 1, Declaration of Steve McKeown, ¶ 11.

[40]     Exh. 1, Declaration of Steve McKeown, ¶¶ 11, 19.

with Victor Mah's knowledge, also proposed to deploy Humble Equipment assets for work for the Greater Toronto Airport Authority; the work was to take to take place on or about the end of September 2017.[41]  Witnesses to that proposal and related negotiations with the Greater Toronto Airport Authority also reside in Canada.[42]  At no point during this work and effort did Mah indicate there was no agreement of purchase and sale of Humble Equipment's assets.[43]

Team Eagle relied on Humble Equipment's acceptance of its offer, and Humble Equipment's assurance of good faith in formalizing the agreement of purchase and sale.[44]  The formalization of the agreement was necessary only to address non-material terms of the agreement.[45]  Humble Equipment and Team Eagle engaged in such negotiations against the framework of their effectuated agreement of purchase and sale, as well as their understanding that the parties were dealing exclusively with each other.[46]

On July 18, 2017, Steve McKeown sent an unsigned draft letter of intent, prepared by a Team Eagle technology officer, to Mah, seeking Mah's input.[47]  The draft was not signed by or on behalf of Team Eagle.[48]  On July 19, 2017, Mah responded in writing that, *inter alia*, "[t]he document looks good," and "I am happy to see this technology finally landed in a good home," further confirming the parties' prior agreement to the essential terms of the purchase and sale.[49]

---

[41]     Exh. 1, Declaration of Steve McKeown, ¶ 11.

[42]     Exh. 1, Declaration of Steve McKeown, ¶¶11, 21.

[43]     Exh. 1, Declaration of Steve McKeown, ¶ 11.

[44]     Exh. 1, Declaration of Steve McKeown, ¶ 12.

[45]     Exh. 1, Declaration of Steve McKeown, ¶ 12.

[46]     Exh. 1, Declaration of Steve McKeown, ¶ 12.

[47]     Exh. 1, Declaration of Steve McKeown, ¶ 13.

[48]     Exh. 1, Declaration of Steve McKeown, ¶ 13.

[49]     Exh. 1, Declaration of Steve McKeown, ¶ 13.

The letter of intent recited the parties' agreement to negotiate exclusively and confidentially with each other to finalize the deal and that the purchase and sale would be governed by the laws of the Province of Ontario, Canada.[50]  Mah, on behalf of Humble Equipment, agreed on a closing date for the sale of September 30, 2017.[51]

Humble Equipment continued the discussions to finalize the agreement of purchase and sale of Humble Equipment's assets.[52]  At all times, Team Eagle was under the belief that Humble Equipment had ceased discussions with any other potential purchaser.[53]

On September 15, 2017, to Team Eagle's complete surprise, Mah informed McKeown that Humble Equipment had "decided to accept a lesser offer which are [sic] more flexible to our future plan."[54]  Team Eagle subsequently learned that Humble Equipment had in fact continued negotiations with Blastrac notwithstanding its previous false representation that it would not do so.[55]

On November 2, 2017, Team Eagle notified Humble Equipment that unless Humble Equipment was prepared to complete the agreement of purchase and sale, Team Eagle would institute legal proceedings against Humble Equipment.[56]  On November 13, 2017, Humble Equipment, in anticipation of the suit by Team Eagle and in an attempt to obtain a "home court" forum advantage, sued Team Eagle for declaratory judgment and damages in Louisiana state court,

---

[50]     Exh. 1, Declaration of Steve McKeown, ¶ 13.

[51]     Exh. 1, Declaration of Steve McKeown, ¶ 13.

[52]     Exh. 1, Declaration of Steve McKeown, ¶ 14.

[53]     Exh. 1, Declaration of Steve McKeown, ¶ 14.

[54]     Exh. 1, Declaration of Steve McKeown, ¶ 15; *see also* R. Doc. 1-1, at 4.

[55]     Exh. 1, Declaration of Steve McKeown, ¶ 15.

[56]     Exh. 1, Declaration of Steve McKeown, ¶ 16; *see also* Exh. 2, November 2, 2017 Letter from Arie Gaertner on behalf of Team Eagle to Humble Equipment.

Third Judicial District, Lincoln Parish.[57]  Humble Equipment alleged in its state court petition that

there is no agreement for the purchase and sale of its assets.[58]  On December 4, 2017, Team Eagle

removed the instant action to this Court, reserving all defenses and objections.[59]  On December

12, 2017, Team Eagle sued Humble Equipment in the Province of Ontario, Canada for specific

performance of the agreement to purchase and sale, for damages based on breach of the agreement

and, alternatively, fraudulent misrepresentation.  A copy of that suit is attached as Exhibit 3.[60]  On

December 19, 2017, Team Eagle effected service on Humble Equipment Co. Inc.[61]

This Court need not resolve the merits of the parties' competing contentions as to the

existence, or not, of a binding contract.  Regardless of how the merits are ultimately resolved, it is

apparent that this dispute arose in Canada, the key sources of evidence, proof and witnesses are in

Canada, and Canada is the most convenient forum for the resolution of the merits of this case.

Hence this Court should grant the instant motion and dismiss Humble Equipment's suit without

prejudice.

## III.  THE SUPREME COURT'S *FORUM NON CONVENIENS* DOCTRINE REQUIRES DISMISSAL IN DEFERENCE TO THE CANADIAN FORUM.

The doctrine of *forum non conveniens* dictates that "a federal district court may dismiss an

action on the ground that a court abroad is the more appropriate and convenient forum for

adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422,

---

[57]     R. Doc. 1-1.

[58]     R. Doc. 1-1.

[59]     R. Doc. 1.

[60]     Exh. 3, Team Eagle's lawsuit for specific performance and damages filed on December 12, 2017 in the Superior Court of Justice, Province of Ontario, Canada and captioned *Team Eagle Ltd. v. Humble Equipment Co., Inc*. CV-17 588250.

[61]     *See* Exh. 4.

425 (2007). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Id.* at 429 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)).

Thus, the convenience of the parties and witnesses is at the forefront of a district court's determination of a motion to dismiss on grounds of *forum non conveniens*. This case involves an agreement between Team Eagle and Humble Equipment as to which the vast majority of negotiations took place in Canada, between two residents of Canada, with the relevant witnesses to such negotiations also residing in Canada.[62] The only connection that this action has to Louisiana is the plaintiff Team Eagle's domicile and the location of the object of the contract.[63] For these reasons, this Court should dismiss this action.

### A.    Canada is an Adequate and Available Alternative Forum.

Before considering the private and public interests implicated by the *forum non conveniens* doctrine, this Court should consider whether an alternate forum exists. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947) ("In all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them."); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 & n.22 (1981).

Supreme Court precedent dictates that only in "rare circumstances" when "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at

---

[62]    *See* Exh. 1, Declaration of Steve McKeown, ¶¶ 2, 7-8.

[63]    *See* Exh. 1, Declaration of Steve McKeown, ¶¶ 7-8, 10-11, 17-25.

all" will the alternate forum be deemed inadequate.  *Piper*, 454 U.S. at 254  n.22.  For example, "dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute." *Id*.  In applying this general rule, the Fifth Circuit has held that "the alternate forum is adequate if differences in that forum's laws would not deprive the plaintiff of all remedies or result in unfair treatment."  *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser*, *A.G.*, 955 F.2d 368, 372 (5th Cir. 1992) (citing *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987)).  The Fifth Circuit has further noted that an adequate forum "does not require that the alternative forum provide the same relief as an American court."  *DTEX, LLC v. BBVA Bancomer, S.A*., 508 F.3d 785, 796 (5th Cir. 2007).

"Absent unfairness, differences in the law of the alternate forum are not a substantial factor to consider." *Empresa Lineas Maritimas Argentinas, S.A.*, 955 F.2d at 372 (citing *Piper*, 454 U.S. at 254–55).  Further, "[t]he substantiative [sic] law of the foreign forum is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there." *DTEX,* LLC, 508 F.3d at 796 (quoting *Tjontveit v. Den Norske Bank ASA*, 997 F. Supp. 799, 805 (S.D. Tex. 1998)).

In this case, the Superior Court of Justice for the Province of Ontario is an adequate and available forum for the adjudication of the disputes between Team Eagle and Humble Equipment. Humble Equipment is amendable to process in Ontario, and in fact has been served with process pursuant to the Hague Convention.[64]  The law of the Province of Ontario permits Team Eagle and Humble Equipment to fully litigate and obtain relief on their claims against each other in that

---

[64]        *See* Exh. 4.

forum.[65]   Humble Equipment is fully amenable to the jurisdiction and compulsory process of the Ontario courts, and thus, Canada is an available forum.[66] Further, Ontario law recognizes a claim for declaratory relief and provides a remedy therefore of the kind and nature sought in this case.[67] Ontario law also permits claims for damages of the nature alleged in the instant case.[68]   Indeed, Humble Equipment can assert all of its instant claims as counterclaims in the suit filed by Team Eagle against Humble Equipment on December 12, 2017.[69]   Humble Equipment's claims for declaratory relief and damages have not prescribed.[70]   Witnesses residing in Ontario, Canada may be ordered to give testimony in the Ontario courts under power of contempt.[71]

Thus, the Province of Ontario is an adequate forum, because the difference in its laws would not deprive Humble Equipment of all remedies or result in unfair treatment. *See Lana Int'l Ltd. v. Boeing Co.*, No. 93 CIV. 7169 (LLS), 1995 WL 144152, at *2 (S.D.N.Y. Mar. 30, 1995) (granting defendant's motion to dismiss on *forum non conveniens* grounds and finding Ontario to be an adequate forum for plaintiffs' claims arising in contract and tort, including "common law

---

[65]   *See* Humble Equipment's Petition for Declaratory Relief and Damages, R. Doc. 1-1.

[66]   *See* Rule 17.02 of the *Ontario Rules of Civil Procedure* made under the Courts of Justice Act R.R.O. 1990, Reg 194 (hereinafter "*Ontario Rules of Civil Procedure*"), attached as Exhibit 5.  Rule 17.02 addresses service outside Ontario without leave of the court; *Inukshuck Wireless Partnership v. 4253311 Canada Inc.* 2013 CarswellOnt 12450 (Ont. Commercial List) (finding that Ontario Courts may assume jurisdiction over claims involving contracts made in Ontario), attached as Exhibit 6.

[67]   The Ontario Courts have jurisdiction to issue a declaration in respect to a contract's validity. *See* Section 97 of the *Courts of Justice Act* R.S.O. 1990, c. C.43, attached as Exhibit 7. Section 97 provides that: "The Court of Appeal and the Superior Court of Justice,…, may make binding declarations of right whether or not any consequential relief is or could be claimed."  *See also, e.g.*, *Canadian Market Place Ltd. v. Fallowfield*, 1976 CarswellOnt 784 (Ont. Sup. Crt.), at para 24, attached as Exhibit 8.

[68]   *See, e.g.*, *Business Development Bank of Canada v. Experian Canada Inc.* 2017 CarswellOnt 4242 (Ont. Sup. Crt.) (ordering damages in respect to a claim for fraudulent misrepresentation), attached as Exhibit 9.

[69]   *See* Rule 27.01(1) of the *Ontario Rules of Civil Procedure*, attached as Exhibit 10. Rule 27.01 provides as follows: "A defendant may assert, by way of counterclaim in the main action, any right or claim against the plaintiff including a claim for contribution and indemnity under the *Negligence Act* in respect of another party's claim against the defendant."

[70]   *See* Ontario *Limitations Act*, 2002, S.O. 2002 c. 24, attached as Exhibit 11.

[71]   *See* Rule 53.04 of the *Ontario Rules of Civil Procedure*, attached as Exhibit 12.

-12-

fraud, breach of warranty, breach of contract, interference with contractual relations, and interference with prospective economic advantage"). Therefore, there is no unfairness to Humble Equipment in litigating this dispute in Canada. Any difference in the law of the Province of Ontario, and to the extent implicated the law of Canada, from United States federal and Louisiana state law is not a substantial factor for this Court to consider in ruling on this motion to dismiss on grounds of *forum non conveniens*. *See Empresa Lineas Maritimas Argentinas, S.A.*, 955 F.2d at 372. In addition, the burden is on Humble Equipment to rebut the adequacy of the Province of Ontario as the forum for this action. *See DTEX, LLC*, 508 F.3d at 796.

## B.    The Private Interests Favor Dismissal.

Once the Court has established that an adequate and available forum exists, the doctrine of *forum non conveniens* favors dismissal of the case when the chosen forum is inappropriate due to the inconvenience posed to the litigants. *Piper*, 454 U.S. at 241. Therefore, a district court should first consider the "'private interest factors' affecting the convenience of the litigants." *Id.* (quoting *Gilbert*, 330 U.S. at 508–509.)

### 1.    Private Factors Favor Dismissal of this Action.

The private factors that should be considered include but are not limited to: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper*, 454 U.S. at 241 n.6 (quoting *Gilbert*, 330 U.S. at 508).

Because the key issue in this case is whether a valid agreement to purchase the assets of Humble Equipment exists, this Court should look to the location of the evidence of such an

-13-

agreement.  Here, the sources of proof and witnesses to the negotiations and agreement at issue are located in Canada.[72]  Mah and McKeown, the key negotiators of the agreement at issue, both reside in Canada.[73]  The witnesses to their negotiations also reside in Canada.[74]

Similarly, the other witnesses who will testify to Team Eagle's actions in reliance on the agreement and the damages resulting from Humble Equipment's breach of the agreement and fraudulent misrepresentations also reside in Canada. The appraisers of Team Eagle's assets and the bankers to whom Team Eagle turned for the capital needed to perform under the agreement all reside in Canada.[75]  The witnesses who developed the business plan for integration of Team Eagle's assets with Humble Equipment reside in Canada, as do the other witnesses to Team Eagle's substantial investments of effort, manpower, time and expenditures to prepare to perform under the agreement.[76]

The absence of process to compel the appearance of these Canadian witnesses in this Court strongly favors dismissal on grounds of *forum non conveniens*.  Without the testimony of these witnesses, this Court will not be able to consider all relevant evidence as to the agreement at issue or the damages to Team Eagle resulting from Humble Equipment's breach of contract and misrepresentations.  The cost of securing attendance of witnesses willing to travel to Louisiana would be substantial, again underscoring the convenience of the Canadian forum.

---

[72]      Exh. 1, Declaration of Steve McKeown, ¶¶ 8-11.

[73]      Exh. 1, Declaration of Steve McKeown, ¶¶2, 7, 17.

[74]      Exh. 1, Declaration of Steve McKeown, ¶17.

[75]      Exh. 1, Declaration of Steve McKeown, ¶¶18, 19.

[76]      Exh. 1, Declaration of Steve McKeown, ¶¶19-21.

Further, because this case turns on whether there was an agreement to purchase and sell Humble Equipment's assets, and not the object of what was to be sold, the location of Humble Equipment's business and assets is of little if any significance.

### 2.   The Convenience Factors Outweigh the Plaintiff's Choice of Forum.

Humble Equipment's choice of forum is not dispositive, particularly when, as here, the suit is an attempt at pre-emptive forum shopping.  The Fifth Circuit has acknowledged that although the plaintiff's choice of forum is a relevant consideration, "a federal district court retains its discretion to decline to hear an action by an American citizen when the alternative forum is a foreign court." *Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 805 (5th Cir. 1985) (citing *Piper*, 454 U.S. 235).  The Supreme Court has acknowledged that "[d]ismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Id.* (citing *Piper*, 454 U.S. at 255 n. 23).

Further, as set forth below, the courts have refused to reward the filing of declaratory judgment actions when, as here, they are filed in anticipation of a damages suit in a foreign forum. *Pac. Employers*, 751 F.2d at 804.  In such circumstances, no deference is owed to the plaintiff's choice of forum.

 Similarly, the Fifth Circuit has recognized that parties must accept the risk that participation in international business dealings will subject them to suit in a foreign venue:

> [i]n an era of increasing international commerce, parties who choose to engage in international transactions should know that when their foreign operations lead to litigation they cannot expect always to bring their foreign opponents into a United States forum when every reasonable consideration leads to the conclusion that the site of the litigation should be elsewhere.

*DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 795 (5th Cir. 2007) (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.*, 918 F.2d 1446, 1450 (9th Cir.1990)).  Hence, the district court does not abuse its discretion in *not* giving weight to the plaintiff's choice of forum. *Pac. Employers*, 751 F.2d at 806.

Humble Equipment has done international business, including business in Canada and other countries, for many years.[77]  On balance, the plaintiff's chosen forum would be unnecessarily burdensome to Team Eagle and this Court due to the location of the relevant parties, witnesses, and evidence in Canada.  This Court should dismiss this action without prejudice in deference to the Canadian forum.

### C.      Public Interest Factors Also Favor Dismissal

Although a court is not required to examine the public factors, if the private factors favor dismissal, the public interest factors also favor dismissal.  *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 214 (5th Cir. 2010) (citing *In re Air Crash Disaster*, 821 F.2d at 1164). The "public interest" factors include:

> (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having a the [sic] trial of a diversity case in a forum that is familiar with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty.

*DTEX, LLC*, 508 F.3d at 794 (citing *Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 342 (5th Cir.1999); *In re Air Crash*, 821 F.2d at 1162–63)).

The adjudication of this dispute by this Court is unnecessary and would only further congest the Court's docket.  The Province of Ontario has a strong local interest in having this

---

[77]      Exh. 1, Declaration of Steve McKeown, ¶6.

dispute determined in Ontario, Canada, because the case arose in Canada, the negotiation and confection of the agreement occurred in Canada, and the damages resulting from the breach of the agreement and related misrepresentations were suffered in Ontario, Canada.   In addition, adjudication of this suit in this forum would unfairly burden citizens in an unrelated forum with jury duty because the Western District of Louisiana has little connection to the controversy.  *Piper*, 454 U.S. at 244.

Finally, the parties agreed that their dealings and agreement would be governed by the laws of Ontario, Canada.[78]  The Ontario Court is much better positioned to apply its own law and has a strong interest in doing so.   *DTEX, LLC*, 508 F.3d 785 at 794 (citing *Dickson Marine*, *Inc. v. Panalpina, Inc.,* 179 F.3d 331, 342 (5th Cir.1999)); *In re Air Crash*, 821 F.2d at 1162–63)).  By contrast, this Court is less well positioned to apply Canadian law and has far less of an interest in doing so.

## IV.   THIS SUIT SHOULD BE DISMISSED AS AN ANTICIPATORY DECLARATORY JUDGMENT ACTION

Fifth Circuit precedent holds that "a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping."  *Pac. Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985).  A declaratory judgment action is "improperly brought in anticipation of another action, and as an abuse of judicial procedure." *Id.* at 805.  An action may be dismissed on these grounds alone.  *Id.* ("[T]he factors to be considered by the district court in exercising its sound discretion concerning the dismissal of a declaratory judgment action are not the same factors that are to be considered by a district court in exercising its sound discretion in dismissing a case

---

[78]      Exh. 1, Declaration of Steve McKeown, ¶ 13.

under the *forum non conveniens* doctrine."). In *Pacific Employers*, the Fifth Circuit affirmed the district court's dismissal of plaintiff Pacific Employers' declaratory judgment suit where, as here, the declaratory judgment action was filed in the Eastern District of Louisiana in anticipation of a suit that the defendant filed two months later in Belgium. *Id.*; *see also Pertuit v. Youthspan, Inc.*, No. CIV.A. 02-1188, 2003 WL 356021, at *5, 6 (E.D. La. Feb. 13, 2003) (dismissing declaratory judgment action, finding that "[b]y filing the lawsuit in anticipation of the defendants' suit, the plaintiffs seized upon the opportunity to initiate a lawsuit on their own terms and in the forum of their choice" (*5), and that "[a]nticipatory suits are disfavored because they are an aspect of forum shopping"(*6)).

Here, as in *Pacific Employers,* Humble Equipment filed the instant declaratory judgment action only after Team Eagle informed it of its intent to commence legal proceedings against it, and in obvious attempt to gain a "home court" advantage over Team Eagle.[79]  Such forum shopping should not be rewarded particularly when, as in this case, the relevant sources of evidence, proof and witnesses are located predominately in Canada and Ontario, Canada is the most convenient forum for adjudication of the merits of this case.

## V.    PRAYER FOR RELIEF

As set forth above, this case arose in Canada, the relevant sources of evidence, proof and witnesses are located predominately in Canada, and Ontario, Canada is the most convenient forum. This Court should dismiss this case without prejudice in deference to the Canadian forum.

---

[79]    *See* Exh. 2, November 2, 2017 Letter from Arie Gaertner on behalf of Team Eagle to Humble Equipment; Exh. 1, Declaration of Steve McKeown, ¶ 13.

Respectfully submitted,

  /s/ James A. Brown
James A. Brown, T.A. (Bar #14101)
A'Dair R. Flynt (Bar #37120)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Tel:  (504) 581-7979
Fax:  (504) 556-4108
jabrown@Liskow.com
aflynt@Liskow.com

**_Attorneys for Team Eagle Ltd. and Steve McKeown_**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Memorandum in

Support of Team Eagle Ltd. and Steve McKeown's Motion to Dismiss for Forum Non Conveniens,

has been filed electronically with the Clerk of Court using the CM/ECF system and notice of this

filing sent to all parties or counsel of record who have registered to receive electronic service by

operation of the Court's electronic filing system, this 22nd day of December, 2017.

s/James A. Brown

4703080_1